IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHON WILLIFORD,

   Petitioner,

v.                                                                                                           No. 22-cv-0856-DHU-LF

WARDEN STOTT, *et al,*

   Respondents.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Petitioner Jonathan Williford's Amended 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 8) (Petition). Petitioner raises claims related to his pending New Mexico state criminal case/detainer and a challenge his pretrial custody in Louisiana. Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why claims relating to the New Mexico state cases should not be dismissed for failure to exhaust state remedies. Any remaining claims challenging Petitioner's present custody in Louisiana must be transferred to that state.

**BACKGROUND**

      The following procedural history is taken from the Petition (Doc. 1) and the New Mexico state court filing system ("SOPA"), which is subject to judicial notice. *See* https://securecourtcaseaccess.nmcourts.gov/; *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

      In 2021 and 2022, Petitioner was charged with criminal damage to the property of a

household member and receiving stolen property in the Eddy County Magistrate Court in Carlsbad, New Mexico. *See* Petition at 2-3; Case No. M-17-VM-2021-092 (damage to property); Case No. M-17-FR-2022-151 (receiving stolen property). Around the same time, Petitioner was charged with domestic violence in the State of Louisiana. *See* Petition at 1. He is currently incarcerated at the Catahoula Correctional Center in Harrisonburg, Louisiana. *Id.* The New Mexico charges are still pending in the Eddy County Magistrate Court. A recent docket entry in that court states Petitioner "has felony charges pending in L[ouisiana]" and that "he will be extradited once he gets his charges taken care of there." Docket Note filed April 12, 2023 in Case No. M-17-FR-2022-151.

Petitioner initiated this case by filing several letter-petitions under 28 U.S.C. § 2241. *See* Docs. 1, 4. Those filings do not specify whether Petitioner intends to challenge his custody in Louisiana or the criminal pretrial proceedings in the New Mexico. By an Order entered May 16, 2023, the Court directed Petitioner to file his claims on the form 28 U.S.C. § 2241 petition. *See* Doc. 7. The Order also advised Petitioner to specify where the Respondents are located; why he believes the Respondents violated federal law and/or his constitutional rights; and what relief he seeks in this case.

Petitioner filed the instant Petition on May 30, 2023. *See* Doc. 8. It reflects Petitioner is in custody in Louisiana and is subject to an "out of state hold from New Mexico." *Id.* at 1. Construed liberally, the Petition purports to challenge his pretrial detention in Louisiana, the detainer in New Mexico, and his pending charges in New Mexico. *Id.* at 1-2. Petitioner identifies two Respondents: Warden Stott in Louisiana and Judge Kelly Calicoat, who previously presided over New Mexico Case No. M-17-FR-2022-151 and is currently presiding over Case No. M-17-VM-2021-092. *Id.*

2

at 1. Petitioner paid the $5 habeas fee, and the matter is ready for initial review.

## DISCUSSION

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.* Having conducted the initial review, there are three potential barriers to relief in this Court.

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). Moreover, the Tenth Circuit holds that § "2241 is inapplicable where 'a favorable resolution of the action would not automatically entitle the prisoner to release.'" *Mesina v. Wiley*, 352 Fed. App'x 240, 242 (10th Cir. 2009) (quoting *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). *See also Satterfield v. Scibana,* 275 Fed. App'x 808, 810 (10th Cir. 2008) ("[a] habeas petition under § 2241 may be granted only if the challenged state action affected the *duration* of the petitioner's custody").

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on December 1, 2019. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

The instant Petition purports to challenge both the New Mexico detainer/criminal proceedings and Petitioner's present custody in Louisiana. As discussed below, any § 2241 claims challenging the New Mexico criminal proceeding/detainer have not been exhausted, even assuming they can be raised in this Court, and any claims challenging Petitioner's present physical custody in Louisiana must be adjudicated in that state.

### A. Exhaustion of Claims Relating to the New Mexico Detainer/Proceedings

A habeas petitioner is required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). *See also Thomas v. Thompson,* 790 Fed. App'x 960 (10th Cir. 2020) (noting the exhaustion requirement applies in a "§ 2241 … challenge to a detainer"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

Assuming Petitioner can raise § 2241 claims in this Court that challenge the New Mexico proceeding, the Petition clearly reflects he did not exhaust state remedies. In the section of the Petition addressing appeals, Petitioner: (a) alleges he "filed a notice of removal of [the] criminal prosecution from state to federal court;" (b) lists a 28 U.S.C. § 2241 proceeding in Baton Rouge,

4

Louisiana; and (c) states he is "trying to [appeal] now."  Doc. 8 at 2, 5.  Such explanations do not demonstrate that Petitioner has presented any claims to the New Mexico Supreme Court (NMSC) or that doing so would be futile.  The state court filing system also confirms Petitioner has not filed a state habeas petition or any appeal with either the New Mexico Court of Appeals or the NMSC.  *See* https://securecourtcaseaccess.nmcourts.gov/.  The exhaustion requirement is therefore not met with respect to any § 2241 claims that challenge the New Mexico criminal proceeding and/or detainer.

Within thirty days of entry of this Order, Petitioner must show cause why those § 2241 claims should not be summarily dismissed without prejudice.  If Petitioner fails to timely respond or overcome the exhaustion requirement, the Court may dismiss any § 2241 claims that challenge the New Mexico criminal proceeding and/or detainer.

### B.  Claims Challenging Present, Physical Custody Must be Resolved in Louisiana

Construing the claims liberally, Petitioner also appears to seek a release from pretrial custody in connection the Louisiana domestic violence charges.  When a petitioner challenges his present physical custody under § 2241, "jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (noting § 2241 claims must generally "be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same).  Petitioner is currently confined at the Catahoula Correctional Center in Harrisonburg, Louisiana, within the jurisdiction of the United States District Court for the Western District of Louisiana (the "Louisiana Federal Court").  *See* 28 U.S.C. § 98(c) ("The Western District [of Louisiana] comprises the parishes of … Catahoula").  Any § 2241 claims that seek a release from pretrial confinement

5

and/or seek to challenge the pending charges in Louisiana must therefore by resolved in that Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021). An allegation that Petitioner's pretrial custody violates the due process clause may survive review. It appears the claims were inadvertently filed in this District in good faith, since at least part of the Petition implicates the New Mexico detainer.

For these reasons, the Court determines that to the extent the Petition raises § 2241 claims challenging present custody, such claims should be transferred to the Louisiana Federal Court. The Court will defer such transfer after until it resolves the claims challenging the New Mexico criminal proceeding/detainer. If Petitioner objects to any transfer, he must file an objection within thirty (30) days of entry of this Order.

**IT IS ORDERED** that within 30 days of entry of this Order, Petitioner must: (1) show cause in writing why any § 2241 claims that challenge the New Mexico criminal proceeding and/or

6

New Mexico detainer should not be dismissed without prejudice as unexhausted; and (2) file an optional objection, if he objects to a transfer of the remaining § 2241 claims to the Louisiana Federal Court.

.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE